IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY L. BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-02585-JTF-cgc |
| | ) | |
| KROGER CO. and | ) | |
| ROYSTON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
GRANTING DEFENDANT ROYSTON, LLC'S MOTION TO DISMISS

Before the Court is Defendant Royston, LLC's ("Royston") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed on March 27, 2014. (ECF No. 30). Plaintiff filed a Response in Opposition to the Motion to Dismiss on April 9, 2014 and a "Second Motion in Opposition of Defendant Royston's Motion to be Dismissed" on June 26, 2014. (ECF No. 31 and ECF No. 35). The matter was referred to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 14). On June 19, 2014, the Magistrate issued her report and recommendation that Defendant Royston's Motion to Dismiss be granted. (ECF No. 33). Plaintiff did not file formal objections to the Magistrate's report as required by 28 U.S.C. § 636(b)(1)(C).[1]  For the reasons stated below, the Court adopts the Magistrate's report and recommendation and Royston's Motion to Dismiss is GRANTED.

---

[1] In the interim, the District Court scheduled a status conference on June 20, 2014 where counsel for the Defendants appeared. Plaintiff failed to appear and could not be contacted at the telephone number provided by Defense Counsel. Plaintiff personally appeared to hand deliver his reasons for his lack of appearance due to illness. A written statement in this regard was filed on June 26, 2014 indicating that Plaintiff had an urgent appointment with the Pain Management Center. (ECF No. 36).

1

In adopting the Magistrate's proposed findings of fact, the Court agrees with the Magistrate's proposed analysis and conclusions of law. In her report and recommendation, the Magistrate determined that: 1) Plaintiff's alleged injuries occurred on July 3, 2012; 2) Plaintiff did not bring any claims against Royston for injuries allegedly caused by the heating oven until he filed his Amended Complaint on February 25, 2014; and therefore, 3) the claims against Royston are barred by the one -year statute of limitations provided by Tenn. Code Ann. § 29-28-103(a) and Tenn. Code Ann. § 28-3-104(a)(1). The Magistrate further reasoned that the Amended Complaint should not relate back to the date of the initial complaint since there was no indication that Royston would know or have reason to know of Plaintiff's allegations that its product caused Plaintiff's injuries.

**II. Legal Standard**

District Court Judges have the discretion to refer certain dispositive motions to a Magistrate Judge to conduct hearings, including evidentiary hearings, for submission of proposed findings of fact and proposed recommendations for disposition of any motion by the District Judge, including a motion to dismiss pursuant to Title 28 U.S.C. § 636(b). *Vitols, et al., v. Citizens Banking Company, et al.*, 984 F.2d 168, 169 (6th Cir. 1993); and *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the district judge retains jurisdiction over the case, to decide whether to refer a case to the magistrate, to review the magistrate's report and to enter judgment). A magistrate judge's finding or ruling on a motion or an issue for determination should become that of the district court unless a specific objection is filed within a reasonable time. *Id.*

**III. Analysis**

Plaintiff alleges in his complaint that he sustained severe burns to his arms, legs and feet while shopping in a Kroger store in Collierville, Tennessee on July 3, 2012. As a result of the

burns, Plaintiff also asserts he suffered skin and nerve damage. Plaintiff filed his complaint in the Circuit Court for Shelby County, Tennessee on July 2, 2013, and Defendant Kroger subsequently removed the case to this court on July 31, 2013. Plaintiff only named Kroger in the initial complaint, asserting the company was negligent in its responsibility "to provide a safe product and a safe and secure environment for its customer." (ECF No. 1-2 and ECF No. 2). By order of reference, the Magistrate Judge granted Plaintiff leave to amend his complaint based on his assertion that he had only recently discovered the name and address of the manufacturer of the heating oven well that caused his injuries. (ECF No. 13 and ECF No. 14).[2] On February 25, 2014, Plaintiff filed an Amended Complaint naming Royston, LLC as the manufacturer and distributor of the heating well. (ECF No. 17).

Royston asserts that actions for negligence or products liability are barred if not filed within the one year statute of limitations period provided by Tenn. Code Ann. §§ 29-28-103(a) and 28-2-104(b). Royston asserts that Plaintiff failed to add it as a Defendant party to this action until over seven months after the statute of limitations period had expired. In further support of its motion to dismiss, Royston asserts that it had not sold any products to the Kroger store located in Collierville, Tennessee prior to September 5, 2013, also well over one year after Plaintiff's alleged injuries on July 3, 2012. (Sealed ECF No. 30-1). Finally, Defendant asserts that under Fed. Rule Civ. P. 15(c), the relation back principal does not apply because Kroger had not named Royston as a comparative-fault Defendant nor was Plaintiff changing or replacing a misnamed Defendant when Royston was added to the Amended Complaint. (ECF No. 30-1).

Even though Plaintiff is proceeding *pro se,* and has failed to file any timely objections or exceptions to the Magistrate's report, the Court considered Plaintiff's "Second Motion in

---

[2] In the Order granting Plaintiff leave to amend, the Magistrate Judge indicated that the Order did not make a determination regarding whether the amendment would relate back to the date of the original complaint. (ECF No. 16).

Opposition of Defendant's Royston's Motion to Be Dismissed" in making its ruling. (ECF No. 35). Plaintiff asserts that at the time of his injury, Kroger intentionally withheld the name of the manufacturer from him, thereby preventing his ability to name the manufacturer. Plaintiff also contends that an employee at the home office of Kroger had only recently identified Royston as the manufacturer of the heating oven which he later verified by viewing signage on the heating oven at the store. (ECF No. 35).

Although Fed. R. Civ. P. 12(b)(6) requires that the Court construe a complaint in a light most favorable to Plaintiff and accept all well-pleaded factual allegations as true, the Magistrate concluded that Plaintiff has not asserted sufficient facts in support of his failure to bring his claims against Royston within the mandatory limitations period. The Magistrate determined that Plaintiff's inability to ascertain the appropriate defendants in this instance is insufficient to survive Royston's Rule 12(b)(6) motion to dismiss and that the relation back principal does not apply in this case. The Court agrees.

In Tennessee, a cause of action for an injury accrues when the injury occurs, subject to very few exceptions. *Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000). The applicable statute of limitations for products liability cases in Tennessee is one year, rendering Plaintiff's action against Royston barred as untimely filed. *Spence v. Miles Laboratories, Inc*. 810 F. Supp. 952, 959 (E.D. Tenn. 1992), citing *Electric Power Bd. of Chattanooga v. Westinghouse*, 716 F.Supp. 1069, 1073, (E.D. Tenn. 1988), *aff'd* 879 F.2d 1368 (6th Cir. 1989). Finally, the relation back doctrine requires that the newly-added party receive sufficient notice of the action and that the delay in the addition of the new party results from a mistake concerning the party's identity. *Moore v. Tennessee*, 267 Fed. Appx. 450, 455 (6th Cir. 2008). The Magistrate properly concluded that neither of these factors exists in this case.

After reviewing *de novo* the Magistrate's report and recommendation and the entire record, the Court adopts the report and recommendation and GRANTS the Defendant Royston's Motion to Dismiss with prejudice pursuant to Fed. Rule Civ. P. 12(b)(6). All claims against Kroger remain pending at this time.

**IT IS SO ORDERED** this 30th day of June, 2014.

<u>*s/John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE